UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edgardo Gallardo, DC # C03272 (Florida), a/k/a Pablo Valladares, | ) C/A No. 7:12-1547-TLW-JDA<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) REPORT AND RECOMMENDATION<br>) (Partial Summary Dismissal)<br>) |
| Spartanburg Administrator, County of;<br>Detective David Taylor;<br>Donnie Willing, Assistant Solicitor;<br>Solicitor Trey Gowdy, III;<br>Hon. J. Derham Cole;<br>Attorney General, Henry McMaster, and<br>Jon Ozmit, Director of SCDC, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

This is a civil action filed *pro se* by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## **BACKGROUND**

Edgardo Gallardo, a/k/a Pablo Valadares ("Plaintiff"), a former South Carolina Department of Corrections ("SCDC") prison inmate and currently an inmate at a Florida state prison, alleges that he was unconstitutionally subjected to excess punishment by being forced to remain in SCDC custody past the max-out date under his true sentence. (ECF No. 1, Compl. 2). He alleges that he pled guilty to charges filed against him in Spartanburg County under the case number: 98-GS-42-1527, and received a ten-year sentence, coupled with the dismissal of other charges then-pending against him under case number 98-GS-42-1528. *Id.*, Compl. 3. He further alleges that

during his post-conviction relief ("PCR") proceedings, the Spartanburg County documents pertaining to his plea and the ten-year sentence could not be found. *Id*. Despite the confusion over what charges he actually pled to and what sentence he was, in fact, serving, he alleges that the Spartanburg County court and the county Solicitors did not clear up the confusion. Instead, the Solicitors allegedly argued for and obtained a "new" sentence for Plaintiff of eighteen years on the charges that Plaintiff alleges were supposed to be dismissed in connection with what Plaintiff alleges was his "true" plea with a ten-year sentence. *Id*. Compl. 4. Plaintiff asks for compensation for the extra time he alleges he was forced to stay in SCDC custody. *Id*. Compl. 5.

Other than his 2007 filing in this court of a similar complaint that was never brought into proper form, *Valladares v. Spartanburg Admin.*, Civil Action No. 3:07-1734-TLW-JRM (D.S.C.), it is unclear what, if any, steps Plaintiff took to correct his sentence once he discovered the alleged problems with the Spartanburg County documentation concerning his plea. In this case, he sues the Spartanburg County Administrator, the Detective who obtained the arrest warrants for the charges that are involved in this case, the County Solicitor and Assistant Solicitor who were involved in his prosecution and the preparation of the subject court documents, the judge who took his guilty plea, the South Carolina Attorney General, and the Director of SCDC during the time Plaintiff was housed there.

## **INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*,

*Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal as to four Defendants: the Spartanburg County Administrator, Honorable J. Derham Cole, former Attorney General Henry McMaster, and former Director of SCDC Jon Ozmint under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Initially, the Complaint in this case should be partially summarily dismissed insofar as it seeks to hold Defendant Judge Cole liable for Plaintiff's allegedly excessive incarceration. The only involvement this Defendant had with Plaintiff and his plea or pleas to the charges against him was in connection with his (Juge Cole's) performance of his judicial duties, including conducting hearings, taking pleas, and entering conviction and sentences. As a result, Judge Cole is entitled to the judicial immunity from the claims made by Plaintiff in this case. As the Fourth Circuit has stated relevant to the reasons for the doctrine of absolute immunity for judges:

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption. . . . The rules is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized

3

> that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972)(citations omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)(judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *see also Siegert v. Gilley*, 500 U.S. 226 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Burns v. Reed*, 500 U.S. 478 (1991)(safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability").

Furthermore, the Complaint should be partially summarily dismissed as to the Spartanburg County Administrator, the Director of SCDC, and the Attorney General of the State of South Carolina because there are no allegations of personal involvement on their parts in the alleged court record confusion and misidentification, nor are there any allegations in the Complaint that would permit this court to apply the doctrine of *respondeat superior* in this case to find any of these officials liable for any constitutional violations caused by any of their employees or agents. Plaintiff's allegations of confused and/or mixed-up records in the criminal cases that were filed and

prosecuted against him in Spartanburg County do not show any "personal involvement" by any of these county and/or state officials in the Spartanburg County criminal court record-keeping or in the analysis of such records made in connection with Plaintiff's PCR case. It is well settled that in order to assert a viable § 1983 claim, such as that made in this case,[1] against any particular public official, a "causal connection" or "affirmative link" must exist between the conduct of which the plaintiff complains and the official sued. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir.1983). A plaintiff, such as Plaintiff is this case, suing a government official in his individual capacity and thereby seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right complained of. *See Graham*, 473 U.S. at 166. Sometimes an official *may* be held liable under § 1983 even if he or she were not personally involved. However, this type of supervisor liability (*respondeat superior*) is generally not available in § 1983 cases in absence of facts showing the specific circumstances that create an exception to the general rule of non-liability.

Although there is a limited exception to the prohibition against imposing liability on supervisory personnel in § 1983 cases under the doctrines of *respondeat superior* or vicarious liability[2] which has been enunciated in cases such as *Slakan v. Porter*, 737 F.2d 368, 370-75 (4th

---

[1] Plaintiff's claims for damages allegedly arising from unconstitutional excessive confinement within South Carolina state prisons are properly considered by this Court under its federal question jurisdiction pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

[2] Although Plaintiff does not state what, if any, professional relationship any of the Defendants may or may not have with any of the others, it can be judicially noticed that Defendant Ozmint would be considered a supervisor with respect to SCDC employees;
(continued...)

Cir. 1984), that exception does not operate to save Plaintiff's Complaint from partial dismissal in this case. The *Slaken* exception is not adequately pled in this case, even under a very liberal construction of Plaintiff's allegations, because there are no allegations that any of these "supervisors" were ever made personally or constructively aware of the allegedly incorrect criminal court records in Spartanburg County nor are there allegations that they were made aware that anyone under their supervision caused or failed to correct the alleged violations of Plaintiff's civil rights allegedly resulting from the improper record-keeping. Without such awareness, there was no reason for any of these Defendants to take action to correct the problems alleged. Plaintiff's allegations fail to support application of the *Slaken* exception in this case because he has not alleged that any of these three Defendants knew of any "pervasive and unreasonable risk of harm from some specified source . . ." under any of their control or supervision, nor has he alleged that any of the three supervisors' "corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive [practices],'" 737 F.2d at 373, as required to state a viable claim of supervisory liability in § 1983 cases. *See Shaw v. Stroud*, 13 F.3d 791 (4th Cir. 1994). In absence of allegations of any individual wrongdoing or potential supervisory liability for anyone else's wrongdoing on the part of Defendants Administrator, Ozmint, or McMaster, Plaintiff's Complaint is both frivolous and fails to state a claim on which relief can be granted as to these persons. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 389 (4th Cir. 1990)(dismissal proper where there were no allegations against defendants).

---

[2](...continued)
Defendant McMaster would be considered a supervisor of any Assistant Attorneys General and, perhaps, County Solicitors, and Defendant County Administrator would be considered a supervisor of any other Spartanburg County official or employee.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court partially dismiss the Complaint in this case *without prejudice* as to Defendants Administrator, Cole, Ozmint, and McMaster. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). The Complaint should be served on the remaining three Defendants.

Plaintiff's attention is directed to the important notice on the next page.

s/Jacquelyn D. Austin
United States Magistrate Judge

September 20, 2012
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
300 E. Washington Street, Rm. 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).