IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Edgardo Gallardo, a/k/a Pablo Valladares, | ) ) ) | Civil Action No.: 7:12-1547-MGL-JDA |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | **REPORT AND RECOMMENDATION** **OF MAGISTRATE JUDGE** |
| Spartanburg Administrator, County of; Detective David Taylor; Assistant Solicitor Donnie Willing; Solicitor Trey Gowdy, III; Honorable J. Derham Cole; Attorney General Henry McMaster; and Jon Ozmit, Director of SCDC,* | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff brought this action pro se, seeking relief pursuant to Title 42, United States

Code, Section 1983. [Doc. 1.] On June 19, 2012, the Court issued an Order directing

Plaintiff to bring the case into proper form and advising Plaintiff of his duty to keep the

Court informed of his current address. [Doc. 7.] On September 20, 2012, the Court

authorized service of process upon Defendants David Taylor, Donnie Willing, and Trey

Gowdy, III ("Defendants"). [Doc. 22.] Defendants filed a motion for summary judgment on

February 25, 2013. [Doc. 60.] On February 26, 2013, pursuant to *Roseboro v. Garrison*,

528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment/dismissal

procedure and the possible consequences if he failed to adequately respond to

Defendants' motion. [Doc. 61.] Under the *Roseboro* Order, any response from Plaintiff

was due on or before April 1, 2013. [*Id.*] On March 18, 2013, the *Roseboro* Order was

returned to the Court as undeliverable, marked "Return to Sender/Unclaimed/Unable to

---

*On October 19, 2012, Plaintiff's Complaint was dismissed as to Defendants Honorable J. Derham Cole, County of Spartanburg Administrator, Attorney General Henry McMaster, and Director of SCDC Jon Ozmit. [Doc. 35.]

Forward." [Doc. 63 at 1.] As of the date of this Order, Plaintiff has failed to advise the Court of any change in his address or to respond to the *Roseboro* Order and/or Defendants' motion to dismiss.

Based on the foregoing, it appears Plaintiff no longer wishes to pursue this action. "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice *sua sponte*." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indust., Inc.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty., Va.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and

(4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not

a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

As Plaintiff is proceeding pro se, he is personally responsible for his failure to advise the Court of his current address. The Court specifically warned Plaintiff the case would be subject to dismissal if he failed to update his address and thereby failed to meet a Court deadline. [Doc. 7 at 2–3.] Despite this explanation, Plaintiff has elected not to update his address and, as a result, has failed to respond to Defendants' motion for summary judgment within the time allowed by the Court's *Roseboro* Order. Because Plaintiff has already ignored the Court's directive to keep the Court apprised of his address, sanctions less drastic than dismissal would not be effective.

Wherefore, based upon the foregoing, the Court recommends the case be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

April 3, 2013
Greenville, South Carolina

3