IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Edgardo Gallardo a/k/a Pablo Valladares, ) | Case No.:  7:12-1547-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Detective David Taylor; Assistant Solicitor ) | |
| Donnie Willing; Solicitor Trey Gowdy III, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Before this court is the Motion for Summary Judgment (ECF No. 73) filed by Defendants Detective David Taylor, Assistant Solicitor Donnie Willing, and Solicitor Trey Gowdy, II ("Defendants") in the above-referenced action brought by pro se Plaintiff Pablo Valladares. For the reasons set forth below, the motion is granted and this matter is dismissed.

**FACTUAL AND PROCEDURAL BACKGROUND**

Pro se Plaintiff Pablo Valladares ("Plaintiff") brought this action on June 11, 2012, pursuant to 42 U.S.C. § 1983 action claiming excessive imprisonment while in the custody of the South Carolina Department of Corrections ("SCDC"). (ECF No. 1.) Plaintiff was subsequently transferred or moved to the custody of the Florida Department of Corrections. On June 19, 2012, the court issued an order directing Plaintiff to bring the case into proper form and advising Plaintiff of his obligation to keep the court informed of his address and any changes. (ECF No. 7.) On September 20, 2012, the court authorized service upon the above-referenced Defendants. (ECF No. 22.) Plaintiff's complaint was dismissed without prejudice and without issuance of service of process as to defendants the Honorable J. Derham Cole, County of Spartanburg

Administrator, Attorney General Henry McMaster, and Director of the South Carolina Department of Corrections Jon Ozmit. (ECF No. 35.)

Defendants filed a motion for summary judgment on February 25, 2013. (ECF No. 60.) The court issued an order in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) providing an explanation of dismissal and summary judgment procedures to Plaintiff. (ECF No. 61.) The mail enclosing the order was returned to sender on March 18, 2013 (ECF No. 63) and the Magistrate Judge subsequently issued a Report and Recommendation recommending the complaint be dismissed pursuant to Federal Rule of Civil Procedure 41(b) due to Plaintiff's failure to advise the court of any change in his address or respond to the court's order or the motion to dismiss. (ECF No. 65.) On April 22, 2013, the Report and Recommendation was returned to the clerk's office marked Undeliverable/Return to Sender. (ECF No. 67.)

On May 1, 2013, Plaintiff filed a "Motion to Adopt pursuant to 28 U.S.C. § 1646" informing the court that he was no longer in prison and further seeking the court's permission to move forward with this case and to appear at trial. (ECF No. 69.) In the Motion to Adopt, Plaintiff also asked the court to take judicial notice of his new address in Mexico. (ECF No. 70.) The motion was docketed upon receipt by the clerk's office but the envelope was postmarked March 7, 2013. Plaintiff did not file objections to the Report and Recommendation, or otherwise respond to the motion for summary judgment but this court construed Plaintiff's filing as a motion to continue his current case. (ECF No. 71.)

In order to preserve Plaintiff's rights and the court's deadlines, the court directed the clerk's office to re-file the motion for summary judgment and *Roseboro* order, to set a response time of 70 days, and to send the documents to Plaintiff in a manner designed to ensure prompt delivery to Plaintiff in Mexico. (ECF No. 71.) Plaintiff submitted a letter indicating that he

received filings from the court which the Magistrate Judge construed as a motion for extension of time to file a response in opposition to Defendants' motion for summary judgment. (ECF No. 76.) Given that this court's order provided Plaintiff with ample time to respond, on June 25, 2013, the Magistrate Judge properly denied Plaintiff's subsequent motion and warned Plaintiff that his case could face summary dismissal if Plaintiff failed to comply with the court's orders and file a timely response. (ECF No. 79.) On July 25, 2013, the court received Plaintiff's response in opposition to Defendants' motion for summary judgment. (ECF No. 83.) Having received Plaintiff's response, the motion is now ripe for this court's adjudication without the aid of a Report and Recommendation.

## SUMMARY JUDGMENT STANDARD

Summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The moving party has the burden of proving that summary judgment is appropriate. When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed.R.Civ.P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents,

3

electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56 (c)(1)(A). A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir.1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc*., 53 F.3d 55, 62 (4th Cir. 1995).

## DISCUSSION

Defendants move for summary judgment on the grounds Plaintiff failed to show that his underlying conviction and sentence have been invalidated as needed to satisfy the rule set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994) for unconstitutional imprisonment claims. Defendants further argue that Plaintiff's claim was filed well outside of the applicable statute of limitations. Accordingly, Defendants seek dismissal of Plaintiff's case as a matter of law. (ECF No. 73-1.) Plaintiff filed a one page response stating, in part, that Defendants never provided an explanation about the purported illegal confinement. (ECF No. 83.) Plaintiff attached and submitted several state court documents in conjunction with his response.

The court has reviewed the sum of Plaintiff's response in opposition to summary judgment in light of Defendants' motion and the entire record in this case. Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,

4

*Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir.1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

Plaintiff alleges he was wrongfully convicted and held in SCDC custody beyond the court imposed sentence.  (ECF No. 1 at 2.) Plaintiff's complaint indicates that he filed a motion for Post Conviction Relief ("PCR") which resulted in an evidentiary hearing.  Plaintiff contends that court records could not be located pertaining to his case.  He further states the resulting conviction was in fact determined to be correct. (ECF No. 1 at 2.)  He maintains, however, that the hearing made Defendants aware that some mistakes had been made in the computation of his sentence.

Despite the serious allegations made against Defendants, until Plaintiff's sentence is reversed, vacated, or set aside, any civil rights action based on the alleged improper confinement will be barred because of the holding in *Heck v. Humphrey*.  In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that, in order to recover damages for imprisonment in violation of the Constitution, the imprisonment must first be successfully challenged. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994) ("We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.")*; see also Williams v. Consovoy*, 453 F.3d 173, 177 (3rd Cir.2006) (prisoner's § 1983 challenge to validity of decision revoking his parole uncognizable due to *Heck* ).  Thus, a claim for damages bearing

5

the relationship to a conviction or a sentence that has not be invalidated is not cognizable under § 1983 because a judgment in Plaintiff's favor would necessarily imply the invalidity of the conviction or sentence. *Id.* at 487. "[T]he complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* Plaintiff has not alleged his underlying convictions or sentences have been invalidated and, thus, the matter must be dismissed. Having reached this conclusion, the court need not address Defendants' statute of limitations affirmative defense. *See James v. Nettles,* No. 3:08-2413-HFF-JRM, 2008 WL 4450242, n.4 (D.S.C. Sept. 29, 2008). (noting that the limitations period will not begin until the § 1983 cause of action accrues based on the invalidation of the sentence or conviction).

## CONCLUSION

For the above stated reasons, Defendants' Motion for Summary Judgment (ECF No. 73) is granted and Plaintiff's claims are hereby dismissed.

**IT IS SO ORDERED.**

                                                           s/Mary G. Lewis
                                                           United States District Judge

Spartanburg, South Carolina
January 28, 2014